UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-21348-DPG

HELAYNE SEIDMAN,

    Plaintiff,

v.

RUBIC, LLC,

    Defendant.

**DEFENDANT'S MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Rubic, LLC ("Defendant") moves to dismiss Plaintiff Helayne Seidman's ("Plaintiff") Complaint [ECF No. 1] as a shotgun and for failure to state a claim. In support, Defendant states as follows:

**BACKGROUND**

Plaintiff claims that Defendant—the operator of a Russian-language news publication—violated the Copyright Act and section 1202(b) of the Digital Millenium Copyright Act ("DMCA"). *See*, *generally*, Compl. Plaintiff claims that she is a professional photographer, who authored the photographs attached as Exhibit 1 to the Complaint, which she first published on December 14, 2019 through an arrangement with the New York Post. *Id.* ¶¶ 10, 14, 59. Plaintiff asserts that the Post provided her with a gutter credit on its website. *Id.* ¶ 59; *id.* at Ex. 3 [ECF No. 1-3].

Plaintiff then asserts that Defendant displayed these photographs on its website two days later, on December 16, 2019, without the gutter credit. *Id.* ¶¶ 25, 60.[1] Plaintiff claims she did not know about this until 2022. *Id.* ¶ 28. The photographs at issue were registered with the Copyright Office on October 26, 2020—almost a year after their first publication and Defendant's alleged use. *Id.* ¶ 16.

## MEMORANDUM OF LAW

### A. Legal Standard

To survive a 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," but she "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Brooks v. Warden*, 800 F.3d 1295, 1300 (11th Cir. 2015) (quotation omitted), which can allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman v. Comm'r*, 871 F.3d 1283, 1289 (11th Cir. 2017). This threshold "is not akin to a 'probability requirement'"—the plaintiff must merely allege "'enough fact to raise a reasonable expectation that the discovery will reveal evidence' of the claim." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 556). Factual content must allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Waldman*, 871 F.3d at 1289.

The Eleventh Circuit thus applies a "two-pronged approach" in evaluating motions to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine

---

[1] According to Exhibit 2 to the Complaint, the screenshot depicts a gutter credit for "nypost." [ECF No. 1-2]. That screenshoot, however, is not the original Russian version of the article.

whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n*, 605 F.3d at 1290 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

On a Rule 12(b)(6) motion, courts can properly consider the complaint itself, documents attached to the complaint, documents that central to the plaintiff's claim where "the authenticity of the document is not challenged." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Day v. Taylor*, 400 F.3d 1272 (11th Cir. 2005).

### B. The Complaint Fails Because it is a Shotgun and Consists of Conclusions Made on Information and Belief.

Plaintiffs Complaint fails to meet the rigors of *Twombly* and satisfy this Circuit's pleading requirements.

First, the Complaint consists only of "labels and conclusions" and "formulation recitation[s] of the elements" of the claims, which requires dismissal under Rule 12(b)(6). *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015). Indeed, most of the Complaint is made on information and belief without factual support, thus failing to meet the requisite pleading standard. Compl. ¶¶ 21–23, 27, 31–40, 54, 61–63. *See Scott v. Experian Info. Sols., Inc.*, 2018 WL 3360754, at *6 (S. D. Fla. June 29, 2018) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

Second, the Complaint violates the cardinal rules of pleading. In paragraph 58, Plaintiff incorporates each prior paragraph into Count II, including those allegations in Count I, thus rendering it practically impossible for Plaintiff to adequately respond. *See Finch v. Carnival Corp.*, 2023 WL 7299780, at *4 (S.D. Fla. Nov. 6, 2023) (shotgun pleading fail "to give the [counterparty] adequate notice of the claims against them and the grounds upon which each claim rests," quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015)). A pleading

"through its incorporation into successive counts all preceding allegations and counts, is a quintessential 'shotgun' pleading…." *Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1045 n. 39 (11th Cir. 2014); *see also Weiland*, 792 F.3d at 1321 n. 11 (collecting cases for this proposition). The Eleventh Circuit has "condemned" such incorporation because it invariably "lead[s] to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Weiland*, 792 F.3d at 1324 (quoting *Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)).

Thus, the Complaint should be dismissed in its entirety.

### C.  Plaintiff Fails to Plead the DMCA's Double Scienter Requirements in Count II.

Next, the Complaint fails because—in addition to alleging the elements of section 1202(b) of the DMCA on information and belief—Plaintiff fails to demonstrate *with facts* how Defendant is liable under the statute's double scienter requirements. The DMCA provisions pertinent to this case provide as follows: "(b) Removal or alteration of copyright management information. – No person shall, without the authority of the copyright owner or the law – (1) intentionally remove or alter any copyright management information, . . . or, (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, . . ." 17 U.S.C. § 1202(b)(1) & (3).

Recently, the Eleventh Circuit has resolved, as a matter of first impression, that it would follow its sister circuits with the formulation of section 1202(b) elements, including the so-called double-scienter requirement. *Victor Elias Photography, LLC v. Ice Portal, Inc.*, 43 F.4th 1313, 1320 (11th Cir. 2022). Thereunder, a defendant "must have actual knowledge that CMI 'has been removed or altered without authority of the copyright owner or the law,' as well as actual or

constructive knowledge that such distribution 'will induce, enable, facilitate, or conceal an infringement.'" *Id.* (citing *Mango v. BuzzFeed, Inc.,* 970 F.3d 167, 170–71 (2d Cir. 2020) (quoting 17 U.S.C. § 1202(b)(3)); *see also id.* (citing *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018) (explaining that both Section 1202(b)(1) and (3) "require the defendant to possess the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable, facilitate, or conceal' infringement"). As the *Victor Elias Photography* court noted in adopting *Stevens* from the Ninth Circuit, "the mental state requirement in Section 1202(b) must have a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary. … [a 1202(b)] claim must make an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi,' that the defendant was aware [of] or had reasonable grounds to be aware of the probable future impact of its actions." *Victor Elias Photography*, 43 F.4th at 1320.

Here, Plaintiff claims that Defendant removed the copyright management information associated with the New York Post article—Plaintiff's gutter credit below the photographs on that article and unspecified "metadata" from the photographs. But the Court can disregard Plaintiff's allegation as to the gutter credit and any reliance on the screenshot depicting a "nypost" gutter credit on Defendant's website, as the screenshot is not a certified translation of the original Russian-language article. *See Macbeg De Occidente S.A. de C.V. v. Kaloti Metals & Logistics, LLC*, 2013 WL 12145905, at *3 (S.D. Fla. June 25, 2013) (dismissing breach of contract claim for failure to attach certified English translations of the invoices essential to plaintiff's claims); *see also Bejerano v. Flex Fla. Corp.*, 2019 WL 4693508, at *n.1 (S.D. Fla. July 15, 2019) (declining to consider as part of summary judgment hundreds of messages between the parties in Spanish because the parties failed to provide the court with a certified translation as required in all federal

court proceedings); *see also U.S. v. Rivera-Rosario,* 300 F.3d 1, 5, 7 n. 4 (1st Cir. 2002) (noting "well-settled rule that parties are required to translate all foreign language documents into English").

The remainder of Plaintiff's DMCA allegations—all made on information and belief—fail to satisfy the double scienter requirement that Defendant knew CMI was removed without Plaintiff's authority and that distribution of the photographs would induce, enable, facilitate or conceal infringement. *See Chevrestt v. Am. Media, Inc.*, 204 F. Supp. 3d 629, 632 (S.D.N.Y. 2016) ("no factual allegations supporting those conclusions (speculations?), such as showing that [defendant] was confronted or otherwise made aware of its allegedly infringing action"); *see also Mills v. Netflix, Inc.*, 2020 WL 548558, at *3 (C.D. Cal. Feb. 3, 2020) (motion to dismiss granted where plaintiff "does not state the factual basis for any of these [section 1202] allegations made on information and belief").

In *Mills*, the court dismissed the plaintiff's DMCA claims because the complaint failed to include "specific allegations as to how identifiable infringements 'will' be affected" by Defendants' alleged removing or altering of CMI," did not "allege a pattern of conduct demonstrating Defendants knew or had reason to know their actions would cause future infringement," and failed "to allege non-conclusory facts that Defendants intended to induce infringement by allegedly removing or altering any CMI." *Id.* at *3. The same is true here, as Plaintiff fails to render any *specific non-conclusory* allegations demonstrating how infringements "will" be affected by a pattern of conduct or modus operandi. *See Victor Elias Photography*, 43 F.4th at 1320. Stripping apart the threadbare allegations and conclusions, nothing in the Complaint could suggest that Plaintiff has plausibly stated a claim with facts for a violation of section 1202 with respect to the gutter credit.

The same outcome must be true for Plaintiff's "metadata" removal claim. Compl. ¶ 63. The single allegation—made on information and belief—provides no information as to what metadata may have been found in the photographs or how Defendant is alleged to have removed it. Just as in *Mills*, the claims here are "overly vague" and thus are insufficient under *Twombly*. *Mills*, 2020 WL 548558, at *4 (collecting cases).

For all these reasons, Count II fails.

### D. The Court Should Strike Plaintiff's Claim for Statutory Damages and Attorney's Fees as to Count I for Direct Infringement.

Last, the Court should strike Plaintiff's claim for statutory damages as to her claims for direct infringement in Count I of the Complaint. *See* Compl. ¶ 55 & Prayer for Relief.

A plaintiff is not entitled to statutory damages for "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. "The term 'commenced' is defined as the first act of infringement in series of ongoing separate infringements." *Cornerstone Home Builders, Inc. v. McAllister*, 311 F.Supp.2d 1351, 1352 (M.D. Fla. 2004).

Here, Plaintiff is not entitled to statutory damages on her claims under the Copyright Act in Count I because she alleges she registered her photographs almost a year after their first publication and after she alleged Defendant infringed her works. Compl. ¶¶ 14, 16, 25. She alleges no facts that would suggest that infringement ceased and then continued, thus her claims for fees and statutory damages fall with the commencement date for infringement of December 16, 2019— more than ten months before registration. *See Cornerstone*, 311 F.Supp.2d at 1352 ("The Eleventh Circuit holds that a plaintiff is not entitled to attorney's fees or statutory damages under [17 U.S.C.

§ 412] when the work at issue is not registered with the copyright office at the time the alleged infringement occurred."). The Court should strike her claim for such entitlement.

## CONCLUSION

For all these reasons, the Court should dismiss the Complaint as a shotgun that fails to state a claim. Separately, the Court should strike Plaintiff's claim for attorney's fees and statutory damages in Count I for failure to timely register the works at issue.

Dated: June 2, 2025.

                                          Respectfully submitted,

                                          **James M. Slater**
                                          James M. Slater (FBN 111779)
                                          Slater Legal PLLC
                                          9000 Dadeland Blvd #1500
                                          Miami, Florida 33156
                                          Tel.: (305) 523-9023
                                          james@slater.legal

                                          *Attorneys for Defendant Rubic, LLC*